UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>EDWARD LEROY DRAPEAU and<br>TERRY LYNN DRAPEAU,<br><br>    Debtors. | Bk. No. 07-43928 |
| TANANA VALLEY MEDICAL CLINIC LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>EDWARD DRAPEAU,<br><br>    Defendant. | Adversary No. 07-4029<br><br>**DECISION and ORDER** |

    This is an adversary proceeding objecting to discharge under §§ 523(a)(2), (3), (4), or (6), and revocation of confirmation of chapter 13 plan. The complaint was based on a pre-petition state court settlement between plaintiff and debtor, in which debtor stipulated to a judgment for $52,000 against himself and his corporation, Medical Concepts Northwest, Inc., as a nondischargeable debt. Defendant has implicitly moved to vacate the default, and plaintiff for entry of default judgment, which prompted defendant's cross motion for summary judgment.

    For the reasons set forth below, I will **DENY** the motions to vacate default and for entry of default judgment, and **STRIKE** defendant's cross motion for summary judgment.

## I. FACTS

In March 2005 Drapeau, through his corporation, Medical Concepts Northwest, Inc. ("MCNW"), sold medical equipment to Tanana Valley Medical Clinic LLC ("TVMC"). TVMC paid MCNW a $52,000 down payment. Drapeau failed to pay the supplier of the equipment and did not deliver the equipment or return the down payment.

TVMC sued MCNW and Drapeau in Alaska Superior Court for breach of contract, fraud, and conversion, among others. Defendants' answer substantially admitted the factual allegations. The parties settled: Drapeau agreed to entry of a judgment for $52,000 that would be nondischargeable. He never made any payments on the judgment and filed chapter 13 a few months later (case no. 06-41529). He did not list TVMC as a creditor or disclose receipt of the $52,000. His second amended plan was confirmed 22 November 2006.

TVMC filed this adversary proceeding on 27 February 2007. Debtor did not answer, and on 25 April 2007 I granted its motion for default and entered judgment revoking confirmation of debtors' chapter 13 plan (docket no. 6), based on debtor's intentional and fraudulent failure to list TVMC as a creditor. The order allowed time to file an amended plan and provided that "[u]nless and until Debtor obtains confirmation of a plan or converts his case to another chapter, Plaintiff's request for a determination of nondischargeability is premature, and it may be mooted if the case is dismissed[.]"

Debtor dismissed his chapter 13 case on 21 August 2007. On 20 November 2007 he and Terry Drapeau filed the instant joint chapter 7 proceeding. On 21 December 2007 I entered an order to show cause why the adversary proceeding should not be deemed to be filed in connection

with case no. 07-43928, and why a default judgment should not be entered (docket no. 17, case no. 07-43928). Both parties filed written responses and appeared at hearing. I entered an order 10 January 2008 transferring the adversary proceeding to the chapter 7 case, again finding defendant in default, and (somewhat contradictorily) granting leave to file an answer by 22 January 2008 (docket no. 10).

Defendant filed an answer 21 January 2008 and a response to plaintiff's motion for default judgment the next day. Plaintiff then noted its motion for summary judgment. Debtor responded and cross-moved for summary judgment. I heard argument on 11 March 2008. I orally granted summary judgment for plaintiff, but upon consideration of a case that had not been cited by either party, I reconsidered (before entry of an order) and took the motions under advisement, noting that as debtor is in default, his motion for summary judgment is not ripe for consideration (docket no. 24). This is my ruling on those motions.

## II. JURISDICTION

This court has jurisdiction over this core proceeding under 28 U.S.C. § 157(b)(2)(B), (I), and (O), and GR 7, W.D. Wash.

## III. ISSUES

1. Whether defendant is entitled to vacation of default; and
2. Whether TVMC is entitled to entry of default judgment of nondischargeability under § 523(a)(2)(A), (a)(4), or (a)(6).

(07-4029 - Tanana Valley Medical Clinic LLC v. Drapeau)
DECISION and ORDER - 3 of 10

**IV. DISCUSSION**

**A. Vacation of Default**

Entry of a default may be set aside for good cause. FRCP 55(c) (applicable via Rule 7055); In re Peralta, 317 B.R. 381, 388 (9th Cir. BAP 2004). This is a more lenient standard than that for vacating a default judgment, which requires meeting the standards set forth in Rule 60(b).[1] See Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986); E.E.O.C. v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 527-28 (11th Cir. 1990). While courts consider the same factors in vacating entry of default and default judgments, the test is less stringently applied when vacating entry of default. Hawaii Carpenters' Trust Funds, 794 F.2d at 513; Breuer Elec. Mfg. Co. v. Toronado Systems of America, Inc., 687 F.2d 182, 186-87 (7th Cir. 1982). Factors to be considered in assessing good cause include (1) whether defendant's culpable conduct led to the default; (2) whether defendant lacks a meritorious defense; and (3) whether plaintiff would be prejudiced by setting aside the default. Peralta, 317 B.R. at 388. If any of these factors are met, the motion to set aside a default may be denied. Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925-26 (9th Cir. 2004). Defendant bears the burden of proof. Id. at 926.

Although defendant has not explicitly moved for vacation of the default, he contends that his failure to file an answer was due to his belief that his former counsel was handling the matter, and that his

---

[1] FRCP 55(c) provides: "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."

counsel missed the deadline due to the absence of a key staff member. (Declaration of Edward Drapeau, docket no. 18). First, the only evidence on this matter is debtor's declaration, in which he does not indicate that he ever actually talked with his former attorney about the adversary proceeding before the default, and which is hearsay with respect to that attorney's handling of the matter. Second, even if the explanation were properly supported by evidence, an attorney's neglect is imputed to the client. <u>Pioneer Inv. Servs. Co. V. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 396-97 (1993). Inadvertent failure to comply with court rules is generally not excusable neglect. <u>See id.</u> at 391.

As noted, this adversary proceeding was filed 27 February 2007. Two months later I entered an order of default and an order revoking confirmation of defendant's chapter 13 plan. Despite having been served with this order, defendant took no action in this case until 21 January 2008. Although the standard to be met here — good cause — is less stringent than excusable neglect, I conclude that defendant has not shown good cause.

**B.  Default judgment**

The court may enter a default judgment upon application by a party. Pursuant to FRCP 55(b) (applicable via Rule 7055), "[t]he court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to . . . establish the truth of any allegation by evidence; or . . . investigate any other matter."

The complaint alleges that Drapeau/MCNW sold refurbished x-ray equipment to TVMC for $104,000, that TVMC paid Drapeau/MCNW a down

(07-4029 - Tanana Valley Medical Clinic LLC v. Drapeau)
DECISION and ORDER - 5 of 10

payment of $52,000, that Drapeau failed to use the funds to pay the seller, failed to deliver the equipment, and refused to return the down payment. Plaintiff also alleges that Drapeau lied about when the funds were available, pointing to a letter from Drapeau attached to the Alaska state court complaint in which he indicated that the $52,000 check took a total of 17 working days to clear because it was an out-of-state check, and a copy of that check indicating it cleared on 16 March 2005, six days after it was written.

Although defendant stipulated in the Alaska court to nondischargeability and the Alaska judgment so provides (see exhibits D and E to the complaint), he says in his amended affidavit in response to the current motions that he understood that to be with respect to the corporation or in his capacity as its president, and not him personally. Whether or not that explanation is credible, absent stipulated findings of fact sufficient to establish nondischargeability, a settlement agreement or stipulated judgment of a non-bankruptcy court is not preclusive on the question of nondischargeability. In re Huang, 275 F.3d 1173 (9th Cir. 2002). There are no such findings here. And TVMC's judicial admission theory does not work because no facts were admitted, only the legal conclusion of nondischargeability and the amount of the obligation.

The only evidence in support of TVMC's motion for default judgment is the declaration of Brian Slocum, attached to its motion for default and entry of default judgment (docket no. 4). Of course, I may consider the well-pleaded facts alleged in the complaint, which in this instance include the transcript of the state court's judgment and the transcript

of the settlement conference. <u>Fair Housing of Marin v. Combs</u>, 285 F.3d 899, 906 (9th Cir. 2002).

### 1. **523(a)(2)(A)**

Section 523(a)(2)(A) excepts from discharge any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud. In order to establish nondischargeability under this section, a creditor must establish five elements by a preponderance of the evidence: (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct. <u>In re Sabban</u>, ___ B.R. ___, 2008 WL 704065 *3-*4 (9th Cir. BAP Feb. 20, 2008) (citing <u>In re Slyman</u>, 234 F.3d 1081, 1085 (9th Cir. 2000).

Plaintiff has not established the required elements. Even accepting, under the well-pleaded complaint doctrine, that the unauthenticated documentary evidence establishes a false statement (that payment to vendor was delayed due to delays in TVMC's check clearing the bank), there is no evidence that the statement was the proximate cause of damage to plaintiff, or of debtor's intent to deceive, or that plaintiff justifiably relied on the statement.

## **2. 523(a)(4)**

Section 523(a)(4) excepts from discharge debts obtained by fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. Ordinary commercial relationships do not come under the purview of § 523(a)(4)'s definition of fiduciary relationship. There must have been a pre-existing trust relationship. In re Short, 818 F.2d 693, 695 (9th Cir. 1987). TVMC has not alleged a pre-existing fiduciary relationship.

Nor has TVMC alleged embezzlement or larceny. Federal law controls the definition of embezzlement for purposes of section 523(a)(4). In re Wada, 210 B.R. 572, 576 (9th Cir. BAP 1997). Embezzlement is "the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." Moore v. United States, 160 U.S. 268, 269 (1895). To prove a claim for nondischargeability for embezzlement, the plaintiff must prove three elements: (1) property rightfully in the possession of a nonowner, (2) nonowner's appropriation of the property to a use other than which it was entrusted, and (3) circumstances indicating fraud. Wada, 210 B.R. at 576 (citing In re Littleton, 942 F.2d 551, 555 (9th Cir. 1991) (additional citations omitted).

Arguably TVMC has alleged these elements, but there is no supporting evidence. The elements of larceny differ only in that a larcenous debtor has come into possession of funds wrongfully. In re Mickens, 312 B.R. 666, 680 (Bankr. N.D. Cal. 2004). There is no evidence or allegation that debtor came by the funds wrongfully.

### 3. Section 523(a)(6)

Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." This exception is confined to intentional torts; the actor must have intended the consequences of the act (the injury). Ditto v. McCurdy, 510 F.3d 1070, 1076 (9th Cir. 2007) (citing Kawaauhau v. Geiger, 523 U.S. 57 (1998). See also In re Khaligh, 338 B.R. 817, 831 (9th Cir. BAP 2006). In addition, the plaintiff must show that the defendant acted maliciously. The relevant test for malicious conduct is: (1) a wrongful act; (2) done intentionally; (3) which necessarily causes injury; and (4) is without just cause or excuse. In re Sicroff, 401 F.3d 1101, 1105-06 (9th Cir. 2005).

There is no allegation or evidence here to support a finding that Drapeau intended to injure TVMC, or that he acted maliciously.

### IV. CONCLUSION AND ORDER

Defendant's motion to vacate default and plaintiff's motion for entry of default judgment are DENIED.

I will consider entry of a default judgment on presentation of formal proof (FRCP 55(b)(2), applicable via FRBP 7055) by supplemental declaration(s) or affidavit(s) from percipient witnesses filed within 30 days together with a memorandum setting forth how the elements of nondischargeability under whichever provision(s) TVMC proceeds are established. Alternatively, TVMC may, within the same period, request an evidentiary hearing, indicating what evidence requires live presentation. Failing either, this adversary proceeding will be dismissed.

If TVMC proceeds by affidavit or declaration, defendant may file a responsive memorandum challenging the sufficiency of the proof of nondischargeability within 10 days.

As defendant remains in default, his cross motion for summary judgment is STRICKEN.

*///  - END OF ORDER  - ///*

_____
Philip H. Brandt
United States Bankruptcy Judge
(Dated as of "Entered on Docket" date above)

CERTIFICATE OF SERVICE:
I CERTIFY I SERVED (VIA U.S. MAIL, FACSIMILE, OR ELECTRONICALLY) COPIES OF THE FOREGOING ON:

Dorothy A. Bartholomew
Email: bankruptcydb@qwest.net
(Edward Drapeau)

Thomas A. Lerner
Email: tom.lerner@stokeslaw.com
(Tanana Valley Medical Clinic LLC)

Aviva T. Kamm
Email: aviva.kamm@stokeslaw.com
(Tanana Valley Medical Clinic LLC)

DATE:  April 17, 2008

BY:    /s/ Juanita C. Kandi